UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STACEY BORK,

        Plaintiff,

v.                              Case No.:  2:19-cv-354-FtM-38MRM

TRAN HUONG QUYNH,

        Defendant.
_____/

**OPINION AND ORDER**[1]

Before the Court is Plaintiff Stacey Bork's Motion for Entry of Default Judgment against Defendant Tran Huong Quynh (Doc. 19) filed on June 22, 2020.  Quynh did not respond.

This is a copyright infringement case.  Bork owns copyrights on these two images, which she incorporates onto apparel designs for commercial sale:

 

Quynh copied and sold the images on the e-commerce website Etsy.  Bork sent Etsy a takedown notice under the Digital Millennium Copyright Act (DMCA).  Quynh submitted a

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

counternotice—swearing "under penalty of perjury that [he had] a good faith belief that the material was removed or disabled by mistake or because of misidentification of the material"—and continued selling the images. (Doc. 1 at 6). As a result, Bork sued Quynh for copyright infringement under to 17 U.S.C. § 501 and violation of the DMCA.

Bork served Quynh—a resident of Vietnam—four times between June 14, 2019, and March 12, 2020. Quynh failed to appear, and the Clerk entered default on June 8, 2020. A district court may enter default judgment against a properly served defendant who fails to plead or otherwise defend. FED. R. CIV. P. 55(b)(2). Entry of a default by the Clerk alone does not warrant a default judgment. *Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). Defendants in default are not "held to admit facts that are not well-pleaded or to admit conclusions of law." *Id*. A district court must ensure that the well-pleaded allegations in the complaint are sufficient to state a substantive cause of action and that there is a sufficient basis for the relief sought. *Id*.

"Once liability is established, the court turns to the issue of relief." *Enpat, Inc. v. Budnic*, 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). Under Rule 55(b), default judgment may be entered without an evidentiary hearing on damages if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). A plaintiff must establish the amount is reasonable under the circumstances. *Patray v. Nw. Publ'g, Inc.*, 931 F.Supp. 865, 869 (S.D. Ga. 1996).

### A. Copyright Infringement

Two elements must be proven to make a prima facie case for copyright infringement: "(1) ownership of a valid copyright, and (2) copying of constituent elements

of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  A "certificate of registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate."  17 U.S.C. § 410(c).  Bork's certificates of registration became effective on August 9, 2017, and they state the first publication was on August 1, 2015.  Both certificates were made within five years after the first publication of each work, thereby making a prima facie case of ownership and validity.  The first element is satisfied.

The second element requires a showing that the "alleged infringer actually copied plaintiff's copyrighted material." *Latimer v. Roaring Toyz*, Inc., 601 F.3d 1224, 1233 (11th Cir. 2010).  Copying is proven with evidence of similarities between original and allegedly infringing works that are "so striking as to preclude the possibility that plaintiff and defendant independently arrived at the same result." *Arnstein v. Porter*, 154 F.2d 464, 468 (2d Cir. 1946).  When assessing whether a striking similarity exists, courts ask whether "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Leigh v. Warner Bros.*, 212 F.3d 1210, 1214 (11th Cir. 2000) (quoting *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 829 (11th Cir. 1982)).

An average lay observer could easily recognize the images Quynh sold as exact duplicates of Bork's works.  And by defaulting, Quynh admitted Bork's allegation that Quynh "copied, displayed, and distributed the Copyrighted Works."  The Court finds that Bork successfully pled both elements to establish a claim of copyright infringement.

**B. Statutory Damages**

Bork seeks $150,000 in statutory damages. Under 17 U.S.C. § 504(c)(1), "the copyright owner may elect…to recover, instead of actual damages and profits, an award of statutory damages…in a sum of not less than $ 750 or more than $ 30,000 as the court considers just." 17 U.S.C. § 504(c)(1). If the "infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of no more than $150,000." 17 U.S.C. §504(c)(2). For a defendant to infringe "willfully," means to "know[] his actions constitute an infringement; the action need not have been malicious." *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 851-52 (11th Cir. 1990).

The court considers several factors when assessing proper statutory damages, including:

> (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.

*Rolex Watch U.S.A., Inc. v. Lynch*, No. 2:12-cv-542-FtM-38UAM, 2013 WL 2897939, at *4 (M.D. Fla. June 12, 2013). Bork failed to provide any information of expenses saved from the infringement, lost sales or profits, licensing fees, or the value of the copyright. Therefore, the Court relies on factors 4 through 7 to determine an appropriate award.

To start, the Court finds Quynh's infringement willful based on the allegations in the Complaint, Quynh's default, and the fraudulent DMCA counternotice. *See Bowers v. David Jacobs-Publ'g Grp., LLC*, No. 8:19-cv-1361-T-35TGW, 2019 WL 8989845, at *3 (M.D. Fla. Oct. 31, 2019) ("A court may infer that a defendant's copyright infringement is

4

willful based on the defendant's default alone."). Quynh's default is also relevant to factor 6, as it represents a complete failure to cooperate in providing records.

Although a willful infringement justifies an enhanced award, a plaintiff is not automatically entitled to the maximum amount of statutory damages just because it proved willful infringement by the defendant. *Clever Covers v. Sw. Fla. Storm Def., LLC*, 554 F. Supp. 2d 1303, 1312 (M.D. Fla. Dec. 18, 2007). This is designed to prevent a "windfall recovery" and ensure that awards "bear some relationship to the actual damages suffered." *Id.* at 1313.

Factors 4 and 7 encourage courts to consider the deterrent effect of a statutory damages award. The complaint alleges Quynh sold at least 2,500 copies of Bork's works on Etsy, at $1.50 per sale. To be an effective deterrent, an award must exceed the benefit an infringer expects to receive from infringement. And the difference should account for the fact that not all infringements are discovered and challenged. Having weighed the evidence and the applicable factors, this Court finds statutory damages of $30,000—$15,000 per work—reasonable. This sum is appropriate to deter future infringing conduct by Quynh and others.

### C. Injunctive Relief

Under 17 U.S.C. § 502(a), a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." To justify a permanent injunction, Plaintiff must show: (1) she suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be

5

disserved by a permanent injunction. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

This Court finds Bork is entitled to an injunction preventing Quynh from future use of Bork's copyrighted works. First, a copyright owner "need not show irreparable harm in order to obtain a permanent injunction, so long as there is past infringement and a likelihood of future infringement." *CBS Broad., Inc. v. EchoStar Commc'n Corp.*, 450 F.3d 505, 517 n. 25 (11th Cir. 2006) (citing *Pac. & S. Co. v. Duncan,* 744 F.2d 1490, 1499 (11th Cir. 1984)). The Court already found that Quynh infringed Bork's copyrights, and Quynh's continued infringement after the DMCA notice and counternotice shows he is likely to engage in future infringement. See *McPherson v. Seaduced*, No. 8:14-cv-2315-T-33EAJ, 2015 WL 1811029, at *3 (M.D. Fla. Apr. 21, 2015).

Second, "[m]oney damages for past violations of a plaintiff's rights under copyright law do not provide an 'adequate remedy' to prevent damage from further infringement." *Broad. Music, Inc. v. Cool Hand Entm't, LLC*, No. 8:15-cv-289-T-36TBM, 2017 WL 3706704, at *6 (M.D. Fla. Mar. 29, 2017). Quynh's willful infringement after being instructed to remove the Etsy listings demonstrates that "monetary relief alone will not suffice." *Id.*

Third, injunctive relief would not pose any hardship on Quynh because Quynh has no right to sell Bork's works. On the other hand, Bork stands to experience hardship if Quynh is not enjoined from using her Works, namely lost revenue. *See id.* The balance of hardships thus favors injunctive relief.

Fourth, "injunctive relief is in the public interest, not only for the protection of copyrights, but also because of the public's interest in supporting creative pursuits while

6

controlling costs passed on to the public when pirated copyrights cause lost revenues." *Virgin Records Am. v. Courson*, No. 3:07-cv-195-J-33MCR, 2007 WL 3012372, at *2 (M.D. Fla. Oct. 12, 2007).

For these reasons, the Court will enjoin Quynh from using, copying, distributing, creating derivatives of, or making available any of Bork's images without her permission. Bork also requests injunctive relief against Etsy. But she did not notify Etsy and give them a chance to appear. *See* 17 U.S.C. § 512(j)(3) ("Injunctive relief under this subsection shall be available only after notice to the service provider and an opportunity for the service provider to appear are provided[.]"). Nor did explain why injunctive relief against an absent party is proper. The Court denies relief against Etsy.

### D. Attorney's Fees & Costs

Finally, Bork seeks attorney's fees and costs. But under Local Rule 4.18, "all claims for costs or attorney's fees…shall be asserted by *separate motion or petition* filed not later than 14 days following the entry of judgment." The Court denies the request without prejudice, and Bork may renew it in a separate motion.

Accordingly, it is now

**ORDERED:**

Plaintiff Stacey Bork's Motion for Entry of Default Judgment (Doc. 19) is **GRANTED in part** and **DENIED in part**.

(1) Plaintiff Stacey Bork is awarded $30,000.00.

(2) Defendant Tran Huong Quynh is enjoined from using, copying, distributing, making derivatives of, or making available Bork's copyright-protected works without her permission.

(3) The Clerk is **DIRECTED** to enter default judgment against Defendant Tran Huong Quynh in the amount of $30,000.00 plus post-judgment interest at the statutory rate and close the file.

(4) Bork's claim for attorney's fees and costs is denied without prejudice. Bork may renew the request under Local Rule 4.18.

**DONE** and **ORDERED** in Fort Myers, Florida this 4th day of August, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record