UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STACEY BORK,

    Plaintiff,

v.                                                        Case No.:   2:19-cv-354-FtM-38MRM

TRAN HUONG QUYNH,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Attorney's Fees and Costs, filed on August 14, 2020. (Doc. 23). Defendant Tran Huong Quyhn did not file a response to the Motion and the time to respond has lapsed. *See* M.D. Fla. R. 3.01(b). For the reasons set forth below, the Undersigned recommends that Plaintiff's Motion for Attorney's Fees and Costs (Doc. 23) be **GRANTED**.

## PROCEDURAL HISTORY

On May 30, 2020, Plaintiff filed a Complaint, Demand for Jury Trial, and Request for Injunctive Relief. (Doc. 1). The Complaint asserted claims of copyright infringement and violation under the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 512(f), alleging Defendant reproduced Plaintiff's copyrighted artworks without authorization. (*Id.* at 7–11). After two Orders granting Motions for extension of time to serve Defendant (Docs. 13, 15), Plaintiff filed Plaintiff's Motion for Entry of Clerk's Default on June 2, 2020. (Doc. 16). On June 8, 2020, the

Undersigned granted Plaintiff's Motion and directed the Clerk of Court to enter a clerk's default against Defendant. (Doc. 17). On June 22, 2020, Plaintiff filed Plaintiff's Motion for Entry of Default Judgement. (Doc. 19). An Order was entered by the Court on August 4, 2020, awarding Plaintiff $30,000 and enjoining Defendant from using, copying, distributing, making derivatives of, or making available Plaintiff's copyright-protected works without her permission. (Doc. 20 at 7). Plaintiff's claim for attorney's fees and costs was denied without prejudice to be filed in a separate motion under M.D. Fla. R. 4.18. (*Id.* at 8). On August 14, 2020, Plaintiff filed the instant Motion, once again requesting an award of attorney's fees and costs against Defendant in the amount of $7,744.19. (Doc. 23 at 2).

## LEGAL STANDARD

Under 17 U.S.C. § 505, a court may, in its discretion, award attorney's fees and full costs to the prevailing party in copyright infringement cases. Further, "both [defendant's] default and the nature of copyright cases warrant an award of attorney's fees pursuant to Section 505." *Twentieth Century Fox Film Corp. v. Childs*, No. 8:05-cv-1656-T-23EAJ, 2006 WL 5030283, at *1 (M.D. Fla. May 24, 2006); *see also Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1316 (S.D. Fla. 2003) (finding that reasonable attorney's fees should be awarded in copyright cases as the rule rather than the exception to "(1) deter future copyright infringement; (2) ensure that all holders of copyrights which have been infringed will have equal access to the court to protect their works; and (3) penalize the losing party and compensate

the prevailing party," and citing *A&N Music Corp. v. Venezia*, 733 F. Supp. 955, 959 (E.D. Pa. 1990)).

"A reasonable attorneys' fee is 'properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate'" to obtain the "lodestar." *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1317 (M.D. Fla. 2001) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)); *see also Lawrence v. Berkley Grp., Inc.*, No. 10-61069-civ-KMW, 2013 WL 12239477, at *1 (S.D. Fla. Feb. 20, 2013). The party seeking fees "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). "[A]n applicant may meet this burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." *Wales*, 192 F. Supp. 2d at 1317 (citing *Norman*, 836 F.2d at 1299). A court may, however, rely on its own expertise and judgment in assessing the value of counsel's services. *Id.* (citing *Norman*, 836 F.2d at 1303).

## DISCUSSION

### I. Reasonable Hourly Rate

The Court must first ascertain the reasonable hourly rate for the attorney's representation. *Worthen v. Buckshot Cable, Inc.*, No. 2:12-CV-57-FTM-38UAM, 2013 WL 3070847, at *1 (M.D. Fla. June 17, 2013) (citing *Duckworth v. Whisenant*, 97 F.3d 1393, 1393 (11th Cir. 1996)). "A reasonable hourly rate is the prevailing market rate

3

in the relevant legal community for similar services by lawyers of reasonably comparable skills, experiences and reputation." *Norman*, 836 F.2d at 1299. The burden lies with the movant to establish that the rate requested is reasonable and in line with the prevailing market rates. *Worthen*, 2013 WL 3070847, at *1 (citing *Norman*, 836 F.2d at 1299).

In this case, Plaintiff's counsel requests an hourly rate of $450.00. In support of this rate, Plaintiff's counsel states that he practices Commercial Litigation and Intellectual Property law, he is Board Certified in Intellectual Property, and is a registered patent attorney. (Doc. 23-1 at 2–3). Further, counsel states he was admitted to The Florida Bar ten years ago. (*Id.* at 2). Counsel also has been awarded fees of $400 per hour when serving as an attorney fee expert. (*See* Docs. 23 at 6, 23-1 at 3, 23-3 at 2).

In addition, Plaintiff cites several cases in which attorneys board certified in Intellectual Property practicing in this region were awarded attorney's fees at a rate between $400 and $500 an hour. (Doc. 23 at 5–6 (citing *Tillman v. Advanced Pub. Safety, Inc.*, No. 15-CV-81782, 2018 WL 5768570, at *4 (S.D. Fla. Nov. 2, 2018), *report and recommendation adopted*, No. 15-81782-CIV, 2018 WL 6424899 (S.D. Fla. Nov. 21, 2018) (finding hourly billable rate of $500 reasonable for board certified attorney); *eComSystems, Inc. v. Shared Mktg. Servs. Inc, et al.*, Case No. 8:10-cv-1531-T-33-MAP (M.D. Fla. June 5, 2012) (awarding hourly rate of $575 for a local, board certified intellectual property attorney at GrayRobinson); *MWR Holdings, LLC v.*

4

*Academy of Tampa, Inc.*, No. 8:14-cv-1325-T-30MAP, 2014 WL 5590998, at *1 (M.D. Fla. Nov. 3, 2014) (finding that hourly rates between $400 and $475 were reasonable given the respective attorneys' experience and the market rate in Tampa, Florida); *Island Stone Int'l Ltd. v. Island Stone India Private Ltd.*, 2017 U.S. Dist. LEXIS 193402, at *22 (M.D. Fla. Nov. 3, 2017) (recommending that an hourly rate of $435 per hour in 2017, for an attorney who was board certified by the Florida Bar in Intellectual Property Law, be found reasonable).

After reviewing the submissions and relevant case law, the Undersigned finds that the requested rate of $450 per hour for Attorney Johnson is reasonable based on the prevailing market rates and evidence submitted by Plaintiff.

Plaintiff additionally requests paralegal Jade Taylor be paid an hourly rate of $120. (Doc. 23-1 at 2). The Undersigned find that this is a reasonable rate for Paralegal Taylor in light of prevailing market rates. *See Healthplan Servs. v. Dixit*, Case No. 8:18-cv-2608-T-23AAS, 2019 WL 7041837, at *4 (M.D. Fla. Dec. 20, 2019) (finding that a "Florida Bar survey found $125 is the median hourly rate for paralegals," finding the same to be reasonable, and reducing a paralegal's rate from $265 to $125).

## II. Number of Hours Expended

The Court must next ascertain the amount of hours reasonably expended by counsel. *Worthen*, 2013 WL 3070847, at *1 (citing *Duckworth*, 97 F.3d at 1397). Fee applicants must exercise "billing judgment" and exclude hours "that would be unreasonable to bill to a client." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir.

1999) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). In determining a reasonable number of hours, courts "should exclude excessive, unnecessary, and redundant hours." *Villaneuva-Gonzalez v. Grainger Farms, Inc.*, No. 2:09-cv-716-FtM-36DNF, 2011 WL 5834677, at *2 (M.D. Fla. Aug. 9, 2011) (citing *Duckworth*, 97 F.3d at 1393).

Plaintiff alleges that Attorney Johnson expended 10.7 hours of time in this case and Paralegal Taylor expended 6.98 hours. (Doc. 23 at 6). Plaintiff claims that these hours were reasonable in light of the particularized difficulties and complexities involved in effectuating service upon Defendant in this case. (*Id.*). Further, Plaintiff asserts that, "with Defendant being a foreign citizen in Vietnam, multiple attempts had to be made to serve Defendant in compliance with the Hague Convention and with Vietnam's Instrument of Accession, and several motions for extension of time had to be submitted due to difficulties in serving the Defendant." (Doc. 23 at 6 (citing Docs. 10, 14)). After consideration of the complexities of this case and review of counsel's billing records, the Undersigned finds that the number of hours expended is reasonable. (*See* Doc. 23-2).

### III. Costs and Expenses

Plaintiff also seeks $2,091.59 in costs and expenses pursuant to 17 U.S.C. § 505. (Doc. 23 at 6). While the costs associated with this case are high, Plaintiff's counsel provided a detailed breakdown of all the costs associated with the case. (Doc. 23-2 at 2–3). Defendant's status as a foreign national necessitated extra steps to effectuate service, including paying for certified translations of the Complaint and

6

Summons, service fees and follow-up with the Central Authority of the Hague Convention, and multiple international priority mail shipments.  (*Id.*).  In light of this, the Undersigned finds that $2,091.59 in costs is reasonable within the context of this case.

## CONCLUSION

For these reasons, the Undersigned **RESPECTFULLY RECOMMENDS** that:

Plaintiff's Motion for Attorney's Fees and Costs (Doc. 23) be **GRANTED** and Plaintiff be awarded $5,652.60 in attorney's fees and $2,091.59 in costs.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on October 14, 2020.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties

8